Terry J. Malone City Attorney P.O. Box 39 Dodge City, Kansas 67801
Dear Mr. Malone:
As city attorney you request our opinion concerning K.S.A. 12-4415
which addresses municipal court diversion. Specifically, you inquire whether a city attorney is prohibited from entering into a diversion agreement on a complaint alleging an alcohol related offense if the defendant has previously participated in a diversion of an alcohol related offense but the prior diversion agreement does not appear on a certification from the division of vehicles in the state department of revenue. Your second question involves whether there are time parameters involved in considering diversion for a defendant who has previously participated in a diversion for an alcohol related offense.
K.S.A. 12-4415 provides, in relevant part, as follows:
 "(a) In determining whether diversion of a defendant is in the interest of justice and of benefit to the defendant and the community, the city attorney shall consider at least the following factors among all factors considered:
. . .
 "(3) whether the defendant is a first time offender of an alcohol related offense and if the defendant has previously participated in diversion, according to the certification of the division of vehicles of the state department of revenue. . . .
. . .
 "(b) A city attorney shall not enter into a diversion agreement in lieu of further criminal proceedings on a complaint alleging an alcohol related offense if the defendant:
 "(1) Has previously participated in diversion of an alcohol related offense. . . ."
K.S.A. 12-4415(a)(3) is modeled after K.S.A. 1993 Supp. 22-2908
which provides, in relevant part, as follows:
 "(a) In determining whether diversion of a defendant is in the interest of justice and of benefit to the defendant and the community, the county or district attorney shall consider at least the following factors among all factors considered:
. . .
 "(3) whether the defendant is a first time offender and if the defendant has previously participated in diversion, according to the certification of the Kansas bureau of investigation or the division of vehicles of the department of revenue. . . ."
Prior to 1982, county and district attorneys had the power to offer diversion to defendants, charged with an alcohol related offense regardless whether the defendant had been diverted previously. However, in 1982, senate bill no. 699 was introduced which strengthened the penalties against drunk driving. Minutes, House Transportation Committee, March 16, 1982. K.S.A. 1993 Supp. 22-2908 was amended to prohibit a county or district attorney from entering into a diversion agreement for violation of alcohol related statutes if the defendant had previously participated in a diversion for a city or state alcohol related offense.
The legislature could have easily adopted the requirement that prior diversion agreements be certified by the K.B.I. or the department of revenue because there was already language to that effect in the list of factors to consider when granting diversion, however, this language was never considered nor adopted.
At the same time, senate bill no. 699 included a provision which gave city attorneys the option of offering diversion to defendants charged with city ordinance violations. Section 14 (K.S.A. 12-4415) was modeled after K.S.A. 1993 Supp. 22-2908 and included the same prohibition against offering diversion to a defendant charged with an alcohol related city ordinance violation if the defendant had previously participated in the diversion of an alcohol related offense. Both K.S.A. 1993 Supp.22-2908(b)(1)(A) and K.S.A. 12-4415(b)(1) contain no requirement that the prior diversion agreements be certified by the division of vehicles in the department of revenue and there is nothing in the legislative history which would imply such a requirement. In fact, the legislative history reveals an intent to strengthen the penalties against drunk drivers and close the loop holes in the laws that had previously allowed these defendants to avoid prosecution. Consequently, it is our opinion that a city attorney is prohibited from entering into a diversion agreement on a complaint alleging an alcohol related offense if the defendant has previously participated in a diversion of an alcohol related offense regardless of whether the prior diversion has been certified by the division of vehicles of the state department of revenue.
Your second question involving the prohibition against offering diversion as it applies to a defendant who was granted diversion five or ten years ago was answered in Attorney General Opinion No. 83-181 where we concluded that diversion is prohibited if the defendant was diverted from an alcohol related offense within the preceding five years.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm